# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN RICHARD JOY,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:07-CV-01237-JCM-(RJJ)

**AMENDED ORDER**

    Petitioner has paid the filing fee. The Court has reviewed the Petition (#1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will dismiss Ground 2 and serve the Petition (#1) upon Respondents for a response to the remaining grounds.

    In the Eighth Judicial District Court of the State of Nevada, Petitioner agreed to plead guilty to conspiracy to commit robbery, robbery with the use of a deadly weapon, and attempted first-degree kidnaping. The court entered judgment on March 8, 2006. Petitioner did not appeal. On September 20, 2006, Petitioner filed a post-conviction petition for a writ of habeas corpus in state court. The district court denied the petition on February 6, 2007. Petitioner appealed, and the Nevada Supreme Court affirmed on August 17, 2007. Petitioner then commenced this action by mailing the Petition (#1) to the Court on August 31, 2007.

    In Ground 2, Petitioner claims that the charge of first-degree kidnaping should have been dismissed at the preliminary hearing.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The constitutional error alleged in Ground 2 occurred before Petitioner entered his guilty plea. Petitioner cannot raise that error now in a federal petition for a writ of habeas corpus.

Petitioner has also submitted a Motion for Appointment of Counsel (#4). Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the Petition, the Court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that Ground 2 of the Petition (#1) is **DISMISSED**.

IT IS FURTHER ORDERED that the Clerk shall serve the Respondents a copy of the Petition (#1) and a copy of this Order by certified mail upon the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. In addition, the Clerk shall return to Petitioner a copy of the Petition (#1).

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which the Petition (#1) was served to answer or otherwise respond to the Petition (#1). If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that henceforth, Petitioner shall serve upon Respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every

pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Respondents or counsel for the Respondents. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (#4) is **DENIED**.

DATED: March 19, 2008.

_____
JAMES C. MAHAN
United States District Judge